UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDLY A. ATHERLEY, II,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>SCOTT KERNAN, et al.,<br><br>　　　　　　　　Defendants. | Case No.: 19-cv-2355-LAB-DEB<br><br>**REPORT AND RECOMMENDATION ON: (1) PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT; AND (2) THE PARTIES' JOINT MOTION TO MODIFY THE SCHEDULING ORDER**<br><br>**[DKT. NOS. 51, 55]** |

The Court submits this Report and Recommendation to United States District Judge Larry Alan Burns pursuant to 28 U.S.C. § 636(b).

**I.　INTRODUCTION**

Before the Court is Plaintiff's Motion for Leave to File an Amended Complaint to Add Defendants ("Motion to Amend"). Dkt. No. 51. Defendants oppose. Dkt. No. 57. Also before the Court is the parties' Joint Motion Requesting to Modify the Scheduling Order Regulating Discovery and Other Pre-Trial Proceedings ("Joint Motion to Continue"). Dkt. No. 55. Having considered the pleadings, the Court recommends DENYING Plaintiff's

1

Motion for Leave to File an Amended Complaint but reinstating the claims in Plaintiff's First Amended Complaint previously dismissed as *Heck*-barred. The Court also recommends GRANTING the parties' Joint Motion to Continue to allow discovery on the reinstated claims.

## II.   FACTUAL BACKGROUND

Plaintiff's operative First Amended Complaint ("FAC") alleges Richard J. Donovan Correctional Facility ("Donovan") Correctional Officers Hultz, Jaramillo, Strong, Pamplin, Crespo, and Joyner used excessive force against Plaintiff in violation of his First and Eighth Amendment rights. Dkt. No. 10. According to the FAC, Hultz gestured at Plaintiff in a manner intended to "provoke violence," and "glare[d] at . . . plaintiff in a menacing fashion." *Id.* at 8–10. Plaintiff reported Hultz's conduct and completed a Form 22 grievance. *Id.* at 10. Two days later, an altercation ensued after Hultz refused Plaintiff's request to sign the Form 22. *Id.* at 12. Jaramillo, Pamplin, and Strong intervened with excessive force, "maliciously" beating Plaintiff, while Crespo and Joyner stood by ignoring Plaintiff's pleas for help. *Id.* at 12–14. Hultz then fabricated a Rule Violation Report ("RVR") charging Plaintiff with battery on a peace officer. *Id.* at 21–22.

Plaintiff was transferred to California State Prison, Los Angeles County ("LA County"), where staff investigated and held a hearing on the RVR. *Id.* at 21. The FAC alleges staff there: (1) falsified injury reports; (2) used coercive tactics during investigative interviews; and (3) violated due process. *Id.* at 17–32. A Senior Hearing Officer found Plaintiff guilty of battery on a peace officer and "sentenced [Plaintiff] to 6 months in isolation." *Id.* at 21–22.

Plaintiff's proposed Second Amended Complaint ("SAC"): (1) realleges, with additional factual detail, the same Constitutional violations at Donovan and LA County described in Plaintiff's FAC; and (2) alleges new Constitutional violations at Mule Creek State Prison ("Mule Creek"), where Plaintiff is presently housed. Dkt. No. 51-2 at 22–23. Specifically, Count II of Plaintiff's proposed SAC alleges this Court mailed its February 9, 2021 Screening Order to Plaintiff at Mule Creek and: (1) Doe Defendants

2

"intentionally opened and read [this order] outside of Plaintiff's presence and delivered the Court's mailing through regular mail"; (2) Doe Defendants "failed to document the receipt of [this] mail"; and (3) mailroom supervisor Phillips "was deliberately indifferent" when Plaintiff notified him of these violations. *Id.* at 25–26.

Count II of the proposed SAC also alleges Constitutional violations at Mule Creek unrelated to anything in the FAC: (1) officials at Mule Creek directed Plaintiff's psychiatrist to "falsely represent[ ] facts about Plaintiff's criminal conviction in a mental health assessment"; and (2) for unspecified reasons, Mule Creek officials "ordered [Plaintiff] to . . . be transported to another facility," but, because Plaintiff had tested positive for COVID-19 and Mule Creek was "under a state-mandated quarantine . . . Plaintiff medically refused to be transported" and only agreed to "br[eak] quarantine" after an unidentified correctional sergeant "threatened Plaintiff with a 'physical cell extraction.'" Dkt. No. 51-2 at 24–25.

### III.   PROCEDURAL BACKGROUND

Plaintiff's FAC alleges First, Eighth, and Fourteenth Amendment violations against 18 correctional and appeals officials at Donovan and LA County and the former Secretary of the California Department of Corrections and Rehabilitation. Dkt. No. 10 at 1–6, 24–26.

The Court screened Plaintiff's FAC and dismissed all claims for relief "with respect to any Defendant *except* Hultz, Strong, Jaramillo, Pamplin, Crespo, and Joyner." Dkt. No. 12 at 13, 24. The Court denied further leave to amend. *Id.*

Defendants then filed a Motion to Dismiss the FAC. Dkt. No. 24. The Court granted the Motion, in part, and dismissed Plaintiff's excessive force and retaliation claims against Hultz, Jaramillo, Joyner, and Crespo as barred by *Heck v. Humphrey*, 512 U.S. 447 (1994). Dkt. Nos. 29, 30.

Following the ruling on Defendants' Motion to Dismiss, the Court issued a Scheduling Order setting: (1) a June 3, 2022 deadline to amend the pleadings; (2) a July 8, 2022 fact discovery cutoff; (3) an August 26, 2022 expert discovery cutoff and motion filing deadline; and (4) a December 12, 2022 Pretrial Conference. Dkt. Nos. 36, 46.

Plaintiff timely brought his Motion to Amend. Dkt. No. 51. The parties also filed a Joint Motion to Continue the Scheduling Order dates. Dkt. No. 55.

### IV. LEGAL STANDARDS

In determining whether to grant leave to amend, a court considers "the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001). Absent these factors, the Court should freely grant leave to amend. *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 445 F.3d 1132, 1136 (9th Cir. 2006). However, a "district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." *See Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011).

A motion to reopen or continue discovery deadlines requires a showing of good cause. *See, e.g.*, *Sheridan v. Reinke*, 611 F. App'x 381, 384 (9th Cir. 2015) (applying "good cause" requirement to motions to reopen discovery); *see also* Dkt. No. 36 at 5 (stating the dates set forth in the Scheduling Order Regulating Discovery and Other Pretrial Proceedings "will not be modified except for good cause shown"). The "'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Whether to reopen discovery is within the "sound discretion" of the trial court. *See Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1027 (9th Cir. 2006).

### V. DISCUSSION

Plaintiff seeks to amend his Complaint to add parties and claims "not previously related to his [FAC]" and "cure deficiencies" previously "identified by the Court." Dkt. No. 51 at 8. Defendants oppose the Motion, asserting the proposed amendment is futile, untimely, and improperly joins unrelated parties. Dkt. No. 57 at 5–9. Both parties, however, agree the Court should modify the Scheduling Order. Dkt. No. 55.

The Court first addresses Plaintiff's Motion to file the proposed SAC and recommends denying Plaintiff's Motion to Amend but reinstating the claims in the FAC

previously dismissed as *Heck*-barred. The Court then addresses the parties' Joint Motion to Continue certain deadlines in the Scheduling Order and recommends granting that Motion so the parties may take discovery on the reinstated claims. Dkt. No. 55 at 5.

### A. Count I of the Proposed SAC (Seeking to Cure Deficiencies in the FAC)

Through the proposed SAC, Plaintiff seeks to "cure deficiencies" in the FAC because, "for example . . . paragraphs are numbered and limited, as a far as practicable, to a single set of circumstances" and "causes of action are more succinctly articulated, etc." Dkt. No. 51 at 8. The Court, however, has already ruled the surviving claims in the FAC are sufficiently pled. Dkt. Nos. 29, 30. Amendment to renumber and "more succinctly articulate[]" the claims, therefore, is unnecessary. *See, e.g., Littlefield v. Nevada, ex rel. Dep't of Pub. Safety, Nevada Highway Patrol*, No. 13-cv-01021-RFB, 2015 WL 1470549, at *2 (D. Nev. Mar. 31, 2015) ("Insofar as the additional facts may simply bolster [Plaintiff's] original claims, they are unnecessary as the current Amended Complaint has been answered and is not subject to a motion to dismiss.") (internal citation omitted).

In its February 8, 2021 Screening Order, the Court dismissed all claims unrelated to the July 12 and 14, 2017 incidents without leave to amend, including Plaintiff's allegations of due process violations in connection with the hearing at LA County. Dkt. No. 12 at 24–25. Plaintiff's proposed SAC seeks to reinstate these dismissed claims. Dkt. No. 51 at 8. Plaintiff, however, has made no showing the dismissal was erroneous. The Court, therefore, recommends denying leave to reintroduce these claims through the proposed SAC.

Plaintiff also seeks to replead claims previously dismissed from the FAC as *Heck*-barred. Dkt. No. 51-2 at 8–21. Defendants' Opposition concedes "Plaintiff is serving an indeterminate sentence of fifteen (15) years to life," which "may call into question" the Court's dismissal of Plaintiff's claims against Hultz, Jaramillo, Joyner, and Crespo. Dkt. No. 57 at 6 n.3. Thus, "Defendants do not oppose amendment with respect to Plaintiff's

Eighth Amendment claims against the [Donovan] Defendants." *Id*.[1] Rather than permitting amendment, however, the Court recommends reinstating those claims in Plaintiff's FAC. Dkt. No. 10.[2]

### B. Count II (Seeking to Add New Claims Against Staff at Mule Creek)

Count II of Plaintiff's proposed SAC seeks to add claims against staff at Mule Creek regarding court access, emotional distress, and an attempted transfer during a COVID quarantine. Dkt. No. 51-2 at 5–7, 24–25. These new claims against new defendants, however, are unrelated to the transactions, occurrences, and claims in Plaintiff's FAC.

"Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s] but also to ensure that prisoners pay the required filing fees. . . ." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (citing 28 U.S.C. § 1915(g)). Moreover, a plaintiff may bring claims against multiple defendants only if: (1) the claim arises out of the same transaction or

---

[1] Defendants limit their non-opposition to excessive force claims against Donovan officials only. However, the Court applied the same standards to dismiss Plaintiff's retaliation claims against these Defendants. Accordingly, the Court treats them as the same and reinstates them as well.

[2] The Court dismissed these claims based on the application of *Heck's* favorable termination rule, which "turns solely on whether a successful § 1983 action would necessarily render invalid a conviction, sentence, or administrative sanction that affected the length of the prisoner's confinement." *Ramirez v. Galaza*, 334 F.3d 850, 856 (9th Cir. 2003). Where behavioral credits do not necessarily impact the prisoner's sentence (because, for example, he is serving an indeterminate life sentence), the prisoner may challenge a forfeiture of credits in a § 1983 action. *See Nettles v. Grounds*, 830 F.3d 922, 935 (9th Cir. 2016) (holding a claim that "would not necessarily lead to immediate or earlier release from confinement . . . does not fall within 'the core of habeas corpus'" and must be brought under § 1983) (internal citation omitted); *see also Roman v. Knowles*, No. 07-cv-1343-JLS-POR, 2011 WL 3741012, *11–12 (S.D. Cal. June 20, 2011) (explaining *Heck* does not bar a challenge to a disciplinary finding with credits forfeiture brought by a state prisoner serving an indeterminate life sentence).

occurrence, or series of transactions and occurrences; and (2) there are common questions of law or fact. Fed. R. Civ. P. 20(a)(2).

Plaintiff argues the Mule Creek claims are part of a larger conspiracy of misconduct between Donovan and Mule Creek officials. Dkt. No. 51 at 5–6. But, aside from bare allegations, Plaintiff's proposed SAC does not plausibly allege a conspiracy between staff at Donovan, LA County, and Mule Creek to deprive Plaintiff of his Constitutional rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). In addition, at this point, more than two years into this lawsuit, allowing new claims against new defendants would undermine judicial efficiency. *See Womack v. Windsor*, No. 15-cv-0533-MCE-KJN-P, 2016 WL 4702827, at *3 (E.D. Cal. Sept. 7, 2016) (denying leave to amend: "The goal of Rule 15(d) is judicial efficiency. Judicial efficiency will not be served here if plaintiff is permitted to add multiple, and some presently unknown, individuals as defendants. Moreover, plaintiff's proposed new claims are unrelated to the allegations raised herein.") (internal citations omitted).

In sum, the Court recommends denying Plaintiff leave to file his proposed SAC but reinstating the FAC claims previously dismissed pursuant to *Heck*.

### C. Motion to Continue Discovery

The parties also seek to extend the discovery and motion filing deadlines by three months due, in part, to Plaintiff's pending Motion to Amend. Dkt. No. 55 at 5. The reinstatement of Plaintiff's claims against Hultz, Jaramillo, Joyner, and Crespo establishes good cause for the parties to complete their discovery on these claims. If this Report and Recommendation is adopted, the Court recommends ordering the parties to contact the undersigned's chambers to reset dates.

## VI. CONCLUSION

For the foregoing reasons, IT IS HEREBY RECOMMENDED that the Court issue an Order: (1) approving and adopting this Report and Recommendation; (2) DENYING

Plaintiff leave to file the proposed SAC; (3) reinstating the FAC claims previously dismissed as *Heck*-barred; and (4) directing the parties to contact the undersigned's chambers to reset the scheduling order dates and deadlines.

**IT IS ORDERED** that on or before **September 27, 2022**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any opposition to the objections must be filed with the Court and served on all parties **within seven (7) days of the filing of the objections**.

The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).

**IT IS SO ORDERED.**

Dated: September 12, 2022

_____
Honorable Daniel E. Butcher
United States Magistrate Judge