UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDLY A. ATHERLEY, II,<br><br>                    Plaintiff,<br><br>v.<br><br>SCOTT KERNAN, et al.,<br><br>                    Defendants. | Case No.:  19cv2355-LAB-DEB<br><br>**ORDER:**<br><br>**1) OVERRULING OBJECTIONS TO JANUARY 6, 2022 R&R [Dkt. 38, 39];**<br><br>**2) ADOPTING SEPTEMBER 12, 2022 R&R [Dkt. 66]; AND**<br><br>**3) AMENDING SCHEDULING ORDER [Dkt. 55, 74, 77]** |

    On January 24, 2022, the Court issued an Order adopting the January 6, 2022 Report and Recommendation ("January 6th R&R") issued by Magistrate Judge Daniel Butcher, denying Defendants' motion to dismiss the First Amended Complaint ("FAC") as to Plaintiff Edly A. Atherley, II's claims against Defendants Pamplin and Strong, and dismissing with prejudice Atherley's claims against Defendants Hultz, Jaramillo, Joyner, and Crespo. (Dkt. 30). Atherley subsequently submitted a letter to the Clerk of Court, claiming he never received a copy of the January 6th R&R and was therefore unable to timely file objections by the

January 20, 2022 objection deadline. (Dkt. 33). The Court granted him leave to file objections to the extent he wished the Court to reconsider its prior ruling, and on March 10, 2022, the Court received Atherley's memorandum of points and authorities in support of his objections to the January 6th R&R. (Dkt. 39).

Then, on June 3, 2022, Atherley separately filed a motion for leave to file an amended complaint to add additional parties and claims. (Dkt. 51). Judge Butcher issued a R&R on September 12, 2022 ("September 12th R&R"), recommending denial of the motion for leave to amend and reinstatement of the claims in Atherley's FAC that were previously dismissed as barred by the holding in *Heck v. Humphrey*, 512 U.S. 447 (1994). (Dkt. 66). Judge Butcher additionally recommended granting the parties' motion to extend discovery and motion filing deadlines by three months. (Dkt. 55).

For the following reasons, the Court **OVERRULES** Atherley's objections to the January 6th R&R and **ADOPTS** Judge Butcher's September 12th R&R in its entirety.

**I.    OBJECTIONS TO JANUARY 6TH R&R**

On June 7, 2021, Defendants moved to dismiss Atherley's FAC on the grounds that he failed to exhaust his administrative remedies and his claims are barred by the holding in *Heck*. (Dkt. 24). Judge Butcher then issued his January 6th R&R with the following recommendations: (1) deny the motion to dismiss based on Atherley's alleged failure to exhaust his administrative remedies; (2) grant the motion to dismiss Atherley's claims against Defendants Hultz, Jaramillo, Joyner, and Crespo as barred under *Heck*; and (3) deny the motion to dismiss Atherley's post-restraint claims against Defendants Pamplin and Strong. (Dkt. 29). This Court did not receive any objections to the January 6th R&R by the objection deadline and issued an order adopting the R&R in full. (Dkt. 30).

Atherley now objects to the R&R on multiple grounds, all of which relate to whether his claims against Defendants are barred by *Heck*. (Dkt. 39). However, as

provided in the following section, his claims against Defendants Hultz, Jaramillo, Joyner, and Crespo have since been reinstated as not barred by *Heck*, thus rendering his objections on this issue moot. Additionally, the Court already determined that his claims against Defendants Pamplin and Strong survive because those claims relate to actions that occurred after the incident that formed the basis of Atherley's loss of credit, and thus are not barred by *Heck*. (Dkt. 30 at 1–2). Atherley nevertheless objects to Judge Butcher's characterization of Pamplin and Strong's involvement during the incident in question, but the Court need not engage in this analysis given the present determination that none of Atherley's claims are *Heck*-barred and because Judge Butcher's characterization of the events in question does not affect whether those claims survive.

Accordingly, Atherley's objections to the January 6th R&R are **OVERRULED AS MOOT**.

**II.    SEPTEMBER 12TH R&R**

On June 3, 2022, Atherley submitted a motion for leave to file an amended complaint, seeking to add new parties, reallege some of the same Constitutional violations already alleged in his FAC, and allege new Constitutional violations at Mule Creek State Prison ("Mule Creek"), where Atherley is currently housed. (Dkt. 51). On September 12, 2022, Judge Butcher issued a R&R, recommending that this Court deny the motion to amend but reinstate the claims in the FAC that were previously dismissed as barred by *Heck*. (Dkt. 66). Judge Butcher reasons that, to the extent Atherley seeks to reintroduce any claims unrelated to the July 12 and 14, 2017 incidents, leave should be denied because Atherley has not demonstrated how dismissal of those claims was erroneous. (*Id*. at 5). He also recommends denial of leave to amend for the purpose of renumbering and "more succinctly articulat[ing]" the claims, as doing so is unnecessary at this stage. (*Id*.). As for Atherley's claims that were previously dismissed as barred by *Heck*, Judge Butcher recommends that they be reinstated where Defendants concede that

"Plaintiff is serving an indeterminate sentence of fifteen (15) years to life." (*Id.* at 6 n.2 (citing Dkt. 57 at 6 n.3)); *see Nettles v. Grounds*, 830 F.3d 922, 935 (9th Cir. 2016) (holding a claim that "would not necessarily lead to immediate or earlier release from confinement . . . does not fall within 'the core of habeas corpus'" and must be brought under § 1983) (internal citation omitted); *Roman v. Knowles*, No. 07-cv-1343-JLS-POR, 2011 WL 3741012, *11–12 (S.D. Cal. June 20, 2011) (explaining *Heck* does not bar a challenge to a disciplinary finding with credits forfeiture brought by a state prisoner serving an indeterminate life sentence). Finally, with respect to Atherley's request to add claims against staff at Mule Creek regarding court access, emotional distress, and an attempted prison transfer, Judge Butcher recommends that these claims be denied because they are unrelated to the transactions, occurrences, and claims made in the FAC. (Dkt. 66 at 6).

A district court has jurisdiction to review a magistrate judge's report and recommendation on dispositive matters. Fed. R. Civ. P. 72(b). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." *Id.* "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The "statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original).

Objections to the R&R were due on September 27, 2022, but neither party has filed an objection to date. The Court has reviewed the R&R and **ADOPTS** it in full. Atherley's motion for leave to amend is **DENIED**, and the claims previously dismissed as *Heck*-barred are **REINSTATED**. The parties also request that the Court extend the discovery and motion filing deadlines by three months due to the pendency of Atherley's motion to amend. (Dkt. 55, 74, 77). For good cause shown,

the current pretrial deadlines are **VACATED** and the Court **ORDERS** that the Scheduling Order be amended as follows:

    1.    All parties shall designate their respective experts in writing by **February 6, 2023**. The parties must identify any person who may be used at trial to present evidence pursuant to Rules 702, 703 or 705 of the Federal Rules of Evidence. This requirement is not limited to retained experts. The date for exchange of rebuttal experts shall be by **February 27, 2023**. The written designations shall include the name, address and telephone number of the expert and a reasonable summary of the testimony the expert is expected to provide. The list shall also include the normal rates the expert charges for deposition and trial testimony.

    2.    By **February 21, 2023**, each party shall comply with the disclosure provisions in Rule 26(a)(2)(B) and (C) of the Federal Rules of Civil Procedure. This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony. Except as provided in the paragraph below, any party that fails to make these disclosures shall not, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial. In addition, the Court may impose sanctions as permitted by Fed. R. Civ. P. 37(c).

    3.    Any party shall supplement its disclosure regarding contradictory or rebuttal evidence under Rule 26(a)(2)(D) by **February 27, 2023**.

    4.    All fact and expert discovery shall be completed by all parties by **March 6, 2023**. "Completed" means that all discovery under Rules 30–36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, so that it may be completed by the cut-off date, taking into account the times for service, notice and response as set forth in the Federal Rules of Civil Procedure. Counsel shall

promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Local Rule 26.1(a). The Court expects counsel to make every effort to resolve all disputes without court intervention through the meet and confer process. If the parties reach an impasse on any discovery issue, counsel shall file an appropriate motion within the time limit and procedures outlined in the undersigned magistrate judge's chambers rules. A failure to comply in this regard will result in a waiver of a party's discovery issue. Absent an order of the court, no stipulation continuing or altering this requirement will be recognized by the court.

5. All other pretrial motions must be filed by **March 13, 2023**. Counsel for the moving party must obtain a motion hearing date in accordance with the Civil Standing Order of the Honorable Larry A. Burns. Motions in limine are to be filed as directed in the Local Rules, or as otherwise set by the district judge.

6. Counsel shall comply with the pre-trial disclosure requirements of Fed. R. Civ. P. 26(a)(3) by **June 12, 2023**. Failure to comply with these disclosure requirements could result in evidence preclusion or other sanctions under Fed. R. Civ. P. 37.

7. Counsel shall meet and take the action required by Local Rule 16.1(f)(4) by **June 19, 2023**. At this meeting, counsel shall discuss and attempt to enter into stipulations and agreements resulting in simplification of the triable issues. Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment. The exhibits shall be prepared in accordance with Local Rule 16.1(f)(4)(c). Counsel shall note any objections they have to any other parties' Pretrial Disclosures under Fed. R. Civ. P. 26(a)(3). Counsel shall cooperate in the preparation of the proposed pretrial conference order.

8. Counsel for defendant will be responsible for preparing the pretrial order and arranging the meetings of counsel pursuant to Civil Local Rule 16.1(f). By **July 3, 2023**, defendant's counsel must provide opposing counsel with the proposed pretrial order for review and approval. Opposing counsel must

communicate promptly with defendant's attorney concerning any objections to form or content of the pretrial order, and both parties shall attempt promptly to resolve their differences, if any, concerning the order.

9. The Proposed Final Pretrial Conference Order, including objections to any other parties' Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures shall be prepared, served and lodged with the Honorable Larry A. Burns by **July 10, 2023**, and shall be in the form prescribed in and comply with Local Rule 16.1(f)(6).

10. The final Pretrial Conference will be held on **July 17, 2023,** at **11:15 a.m.** before the **Honorable Larry A. Burns**.

**IT IS SO ORDERED**.

Dated: December 7, 2022

*Larry A. Burns*
Honorable Larry Alan Burns
United States District Judge